UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE MUSSALL and GEORGE MUSSALL,

        Plaintiffs,         Case No. 13-10321
                                Honorable David M. Lawson

v.

BANK OF AMERICA, N.A., UNKNOWN
TRUSTEE, AS TRUSTEE OF THE
ASSET-BACKED SECURITY IN WHICH THE
LOAN AT ISSUE WAS POOLED, and UNKNOWN
TRUST, THE UNKNOWN ASSET-BACKED
SECURITY IN WHICH THE LOAN WAS POOLED,

        Defendants.
_____/

**ORDER DENYING MOTION TO REMAND**

The matter is before the Court on the plaintiffs' motion to remand the case to state court. Defendant Bank of America removed the case to federal court on January 25, 2013 on the grounds that the parties were completely diverse and the plaintiffs' complaint contains a federal question. The plaintiffs filed the present motion to remand arguing that defendant Bank of America did not comply with the rule of unanimity in removing this case, that defendant Bank of America failed to file certain state court pleadings in this court, that defendant Bank of America has not established that diversity jurisdiction exists, and that the Court should not exercise supplemental jurisdiction over the plaintiffs' state law claims.

The federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant as the party removing the case and asserting federal jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg.*

*Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. Cases may be removed under federal question jurisdiction or on the basis of diversity of citizenship. 28 U.S.C. § 1441(a).

The plaintiffs first argue that the case must be remanded because defendant Bank of America has violated the rule of unanimity when it filed a notice of removal without securing the consent of the unknown trust and unknown trustee. Section 1446 requires the unanimous consent of all defendants to the removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Therefore, all defendants who have been served must either join in the removal or file their written consent to the removal. *Ibid*. However, the statute requires only those "defendants who have been properly joined and served" to consent to removal. 28 U.S.C. § 1446(b)(2)(A). There is nothing to suggest that either the unknown trust or the unknown trustee actually has been served. The plaintiffs have filed certificates of service indicating that copies of the summons and complaint were "served" on the unknown trust and trustee by mailing these items to defendant Bank of America. Under the federal rules, service of a summons and complaint must "follow[] state law." Fed. R. Civ. P. 4(e)(1). The Michigan court rule require that service be made in a "manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). "If the . . . present address of the defendant is unknown, the [party seeking alternate service] must set forth facts showing diligent inquiry to ascertain it." Mich. Ct. R. 2.105(I)(2). The

Court cannot find that sending a copy of the summons and the complaint to defendant Bank of America is reasonably calculated to give notice to the unknown defendants, or that the plaintiff has made any inquiry to ascertain the address of the unknown defendants. Therefore, the unknown defendants have not been served properly, and defendant Bank of America was not required to seek their consent prior to filing the notice of removal.

The plaintiffs next argue that the case should be remanded because defendant Bank of America failed to file all process, pleadings, and orders filed in the state court along with its notice of removal. Defendant Bank of America since has corrected that defect by filing an amended notice of removal that includes the missing documents. This amended notice was filed within thirty days of the filing of the state court complaint, and therefore was timely. *See* 28 U.S.C. § 1446(b). Because defendant Bank of America timely corrected the defect in the removal papers, the Court will not remand the case on that basis. *See Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) (permitting amendment of removal papers where defendant failed to specify defendant's principal place of business); *Taphouse v. Home Ins. Co., Inc.*, 885 F. Supp. 158, 161 (E.D. Mich. 1995) (denying motion to remand where defendant corrected defect in removal papers within thirty-day period prescribed by 28 U.S.C. § 1446(b)).

The plaintiffs next argue that the case should be remanded because defendant Bank of America has not demonstrated that the parties are completely diverse. However, as the plaintiffs acknowledge, the complaint contains a claim under the Fair Debt Collection Practices Act. Therefore, the Court has original federal question jurisdiction over at least that claim, and may exercise supplemental jurisdiction over the plaintiffs' state law claims regardless of whether the Court also has diversity jurisdiction as long as the requirements for supplemental jurisdiction are

met. *See* 28 U.S.C. §§ 1331, 1367. The plaintiffs urge the Court to decline supplemental jurisdiction over the state law claims, arguing that they present novel and complex issues under Michigan law and substantially predominate over the plaintiffs' federal law claim. The plaintiffs also argue that Michigan courts are more properly situated than federal courts to deal with foreclosure-related claims and defenses.

The Court cannot agree. The Court has supplemental jurisdiction over all claims "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy where it "derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citation and quotation marks omitted). In this case, the plaintiffs' state and federal law claims derive from a common nucleus of operative facts — namely, defendant Bank of America's attempts to collect the plaintiffs' mortgage debt and eventual foreclosure of the plaintiffs' home.

A court has discretion to "decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court finds that the values of judicial economy, convenience, fairness and comity do not favor declining supplemental jurisdiction over the plaintiffs' state law claims. Unlike many cases in which courts have declined to retain jurisdiction over state law claims, the Court has not dismissed the plaintiff's federal law claims. *See* 28 U.S.C. § 1367(c)(3); *Gamel*, 625 F.3d at 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*,

89 F.3d 1244, 1254-55 (6th Cir. 1996)); *Mason and Dixon Lines, Inc. v. Steudle*, 761 F. Supp. 2d 611, 628 (E.D. Mich. 2011). Nor do the state law claims raise a novel or complex issue of state law; the claims raised by the plaintiffs are, unfortunately, quite common. *See* 28 U.S.C. § 1367(c)(1), (2); *see also Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) (finding that a court was within its discretion to decline to exercise supplemental jurisdiction where the claim raised complex state law issues). The Court finds that the exercise of supplemental jurisdiction over the plaintiffs' state law claims is proper.

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt. #5] is **DENIED**.

It is further **ORDERED** that the motion hearing scheduled for March 4, 2013 at 11:30 a.m. is **CANCELLED**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: February 28, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2013.

                            s/Deborah R. Tofil  
                            DEBORAH R. TOFIL